**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PHILIP C. BUTLER,

     Plaintiff - Appellant,

v.

JAMES A. BUTIERRES; JOSHUA
BLISS,

     Defendants - Appellees.

No. 02-1334
(D.C. No. 00-BB-1729)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

---

     Plaintiff Philip C. Butler ("Plaintiff")[1] commenced this prisoner civil rights

action in the District of Colorado on September 19, 2000, alleging that his Fourth

Amendment rights were violated when Colorado Springs police officers James A.

Butierres and Joshua Bliss used excessive force in his arrest. (Complaint

---

     [*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

     [1]Plaintiff has proceeded pro se throughout this action.

09/19/00.) He later attempted to amend his Complaint to add a claim that his civil rights were violated because he was arrested without sufficient probable cause. (Amended Compl. 07/02/01.) The district court found in favor of the defendants on both claims. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

Plaintiff's Probable Cause Claim

The district court struck the portion of Plaintiff's Amended Complaint that alleged he had been arrested without sufficient probable cause because this claim exceeded the leave given to Plaintiff to amend and because it attacked the validity of Plaintiff's conviction. (Order 07/16/01.) As the district court noted, Heck v. Humphrey, 512 U.S. 477 (1994), prohibits a plaintiff from attacking the validity of a criminal conviction under 42 U.S.C. § 1983 unless that conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Because Plaintiff has satisfied none of these criteria, we AFFIRM the district court's dismissal of this claim.

Plaintiff's Excessive Force Claim

On June 24, 2002, Plaintiff proceeded to trial on his § 1983 claim that the Defendants used excessive force in his arrest. This claim is based on the officers' use of a police dog to capture Plaintiff after he fled from a stolen vehicle, which he was driving while intoxicated. The magistrate judge presided over the bench trial, made findings of fact and conclusions of law, and entered judgment in favor of Defendants. (Order 06/26/02.) Applying Graham v. Connor, 490 U.S. 386 (1989), he concluded that the force used by the police officers was not objectively unreasonable; therefore, the officers did not violate Plaintiff's Fourth Amendment rights. (Order 06/26/02 at 3-5.)

Plaintiff argues on appeal that the district court erred in its findings of fact related to the capture and arrest. (Aplt. Br. at 14-18.) We review a district court's findings of fact for clear error. Fed R. Civ. P. 52(a).[2] We will not overturn a finding unless it is without support in the factual record or, after reviewing all of the evidence, we are left with a definite and firm conviction that a mistake has been committed. Grimsley v. McKay, 93 F.3d 676, 679 (10th Cir. 1996).

---

[2]Because the parties consented to disposition by the magistrate judge, we may review this disposition without intervening review by the district court. 28 U.S.C. § 636(c). We apply the same standards of review to the magistrate judge's decision as we would to that of the district court. Grimsley v. McKay, 93 F.3d 676, 679 (10th Cir. 1996).

Plaintiff contests two findings made by the district court: 1) that Officer Butierres warned Plaintiff that the police dog would be released  (Aplt. Br. at 14); and 2) that Officers Bliss and Butierres had no factual basis for their asserted belief that Plaintiff had stolen a car and was fleeing from arrest when they released the police dog on Plaintiff.  (Aplt. Br. at 15-16.)

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."  Fed. R. App. P. 10(b)(2).  In this case, Plaintiff has provided only portions of the trial transcript and has omitted the cross-examination of witnesses whose testimony is essential to the resolution of his claims.[3]  Thus, based on the record that Appellant has provided, we are unable to conclude that the district court's findings are clearly erroneous.  Naimie v. Cytozyme Labs., Inc., 174 F.3d 1104, 1113 (10th Cir. 1999) ("[W]here appellant fails to submit sufficient portions of the record, 'an appellate court cannot review the district court's factual findings and must accept them as correct.'") (quoting Trujillo v. Grand

---

[3]The partial transcript includes Plaintiff's direct examination of himself and Plaintiff's examination of the other witnesses.  It omits Defendants' cross-examination of Plaintiff, as well as Defendants' examination of the other witnesses.  (See Partial Transcript, Vol. 1, at 22, 27, 28, 40, 51, 54, 66, 69, 70, 71, 72, 84, 98.)

- 4 -

Junction Reg'l Ctr., 928 F.2d 973, 976 (10th Cir. 1991)); Green v. Johnson, 977 F.2d 1383, 1387 (10th Cir. 1992).

Plaintiff also argues that the district court erred in concluding that the officers' actions were objectively reasonable. (Aplt. Br. at 15-20.) Relying on the district court's findings of fact, we review this question of law de novo. Grimsley, 93 F.3d at 679; Trujillo, 928 F.2d at 976 (where neither party submitted the trial transcript as part of the record on appeal, review was "limited to determining whether the district court properly applied the law to the facts"). For substantially the reasons stated by the district court in its Findings of Fact and Conclusions of Law (Order 06/26/02 at 3-5), we affirm the district court's conclusion that Officers Butierres and Bliss acted in an objectively reasonable manner.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge